## BARNETT, RESPONDENT v. BROWN, APPELLANT.

[Submitted May 28, 1896.  Decided June 15, 1896.]

NEW TRIAL—*Conflict in evidence—Damages.*—In an action 'for damages for injury to plaintiff's crop by reason of defendant obstructing the flow of water in plaintiff's ditch, where it appeared that plaintiff's crop consisted of timothy hay and potatoes; that he had need of the water about May 26th but did not obtain it until June 20th; that he then used it on such portions of the hay crop as he could irrigate day and night; that he had sacrificed his potato crop and a portion of the hay crop in order to save the balance of the hay, a verdict for plaintiff .will not be disturbed on appeal where the evidence was conflicting as to whether plaintiff's method of irrigation was proper.

*Appeal from Fifth Judicial District, Beaverhead County.*

ACTION for damages.  Defendant's motion for a new trial was denied by SHOWERS, J.  Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiffs sued the defendant to recover damages alleged to have been caused by the appellant's Brown's, trespass upon an irrigating ditch, by reason of which trespass plaintiffs were prevented from irrigating their crops in the spring and summer of 1893.  Plaintiff and respondent Barnett leased the farm he lived upon, and the water right and ditch conveying water to the same, from the plaintiff Stiles.  The appellant and defendant pleaded a justification, upon the ground that he had been damaged by an overflow of the ditch, and that by reason thereof had obstructed the ditch, on two occasions. He also relied upon the contributory negligence on the part of the plaintiff Barnett.  Each of the plaintiffs asked damages for $262.50 for the loss of the hay, $100 for the loss of the potato crop, and certain other special damages and exemplary damages.  Plaintiff Stiles having recovered damages in a former suit, a plea in bar as against him was sustained, and plaintiff Barnett became sole plaintiff in the action.

A jury returned a verdict for plaintiff for $362.50.  Judgment was entered on the verdict, and defendant moved for a

new trial. This motion was denied, and he appeals from the judgment and the order denying a new trial.

*J. T. Galbraith, · H. T. Burleigh* and *John T. Clayberg,* for Appellant.

*Smith & Word* and *W. S. Barbour,* for Respondent.

HUNT, J.—Appellant, Brown, asks a reversal in the case upon the ground of insufficiency of the evidence to justify the verdict of the jury in awarding the respondent, Barnett, $362.50, damages for the loss of his hay and potato crop. The evidence of plaintiff tended to show that in May and June, 1893, he had 114 acres sowed in timothy, and $5\frac{1}{2}$ acres in potatoes. The only means by which he irrigated his farm was the water flowing through a ditch appurtenant to the premises on the west side of the land. On May 26th, the defendant, Brown, placed an obstruction at the head of this ditch, thereby stopping the flow of the water to plaintiff's farm. A few days thereafter, the plaintiff removed the obstruction, so that the water could flow; but still the water did not come, whereupon the plaintiff went up to the defendant's house, and found a dam in the ditch built so as to let the water back into a channel or slough near the defendant's house. The plaintiff also discovered defendant engaged in plowing in and filling the ditch from a point near his house to the mouth. The plaintiff had need of the water about May 26th, to irrigate his timothy, but got no water until June 20th. Meantime the ground had become very dry. When asked about the obstructions, the defendant said the ditch overflowed his land, and declined to allow the water to flow through the ditch until compelled to do so by the law. About June 8th an injunction was obtained restraining defendant from interfering with the water. The water finally ran to plaintiff's farm on June 20th, and the plaintiff's evidence tends to show that he used it on those portions of his farm where he could irrigate day and night, and cover the greatest amount of land, his object being to save as much of the tim-

othy hay as possible from absolute ruin.   He irrigated about 76 acres of timothy, but after he had irrigated this amount of ground once, it was still so very dry that it was necessary to irrigate it a second time, in order to preserve the stand of grass, and obtain the best possible timothy crop.   Notwithstanding these precautions, it appears that from this 76 acres he did not harvest as good a crop as he would have harvested had he had water in time to irrigate properly.   Thirty-seven acres of timothy were completely lost by being burnt out by drought, plaintiff testifying that he was obliged to sacrifice this in order to save the balance.

The appellant offered the evidence of skilled farmers to show that plaintiff's method of irrigation was faulty, and that he took too much time to irrigate his land; but the plaintiff met this contention by the evidence of equally experienced persons, who testified substantially that the plaintiff's use of water was reasonable and necessary in order to save the timothy, not only for the year 1893, but to prevent a permanent injury to the timothy for several years to come.   The jury accepted plaintiff's evidence as true.   It also appeared satisfactorily to the jury that the potato crop was lost, because it was necessary to use all the water that could be obtained to save the timothy, and that, as between the loss of one or the other, plaintiff was justified in trying to save the timothy, and sacrificing the potatoes.

There was a conflict in the testimony upon the question of the proper use of the water by the plaintiff, but it was the particular province of the jury to determine all such questions of fact, and to decide upon which side the preponderance of evidence lay.   We have so often decided that where there is a substantial conflict in the evidence, but where there is evidence to sustain the finding of the jury, and where the district court has overruled a motion for a new trial, the case will not be reversed for insufficiency of evidence to justify the verdict, that it is unnecessary to cite authorities upon the point.

It is argued by the appellant that the verdict of the jury was excessive in the values fixed for the hay and potatoes lost

to plaintiff, but there is ample testimony to justify the conclusion of the jury as to both these items.

Just how the jury separated the damages does not appear by their verdict; but, doubtless, appellant's counsel are correct in their brief when they refer to the damages for hay loss as found to 1½ tons per acre upon 37½ acres of ground, which plaintiff lost in his efforts to preserve the rest of his crop. The jury's estimate of the value of the potato crop lost is clearly justified by the evidence.

The jury evidently disregarded the defendant's theory of contributory negligence throughout the case, and predicated their verdict upon the evidence of plaintiff's inability to save the potatoes because of his efforts to save the hay.

There being no questions of law presented for review, the only course for this court to pursue is to affirm the judgment.

*Affirmed.*

Pemberton, C. J., and De Witt, J., concur.